necessarily subject to the limitation that he must still act, and could only act, within the limits of his agency. He could not, as the owner could, if present, take new risks and enter on new speculations, not within the scope of his employment, and such would be the shipping of the corn to another distant market, at least unless such were obviously the only way in which the corn or its value could be saved to the owner.

It is suggested that the master, before selling, should have communicated with the owners for instructions. But under all the circumstances and in the urgent situation in which the condition of the cargo put him, and after his attempt at Philadelphia to do so, I think he is not chargeable with fault in this respect.

On the whole case, therefore, while the rule that the master, to justify a sale of the cargo must show a "moral necessity" for the sale, and must also show that he acted in perfect good faith, should be firmly adhered to in the interests of commerce, that rule is not infringed nor impaired in this case by holding the master justified in his acts by the proofs.

The libel must be dismissed, with costs.

---

## Case No. 16,924.

### The VERSAILLES.

[The case cited under this title in The Philah, Case No. 11,091a, and in Marvin's Wreck and Salvage, 123, is the same as Hennessey v. The Versailles, Case No. 6,365.]

---

VERSAILLES, The (HENNESSEY v.). See Case No. 6,365.

---

## Case No. 16,925.

### VERSELIUS v. VERSELIUS et al.

[9 Blatchf. 189.] [1]

Circuit Court, N. D. New York. Oct. 10, 1871.

BANKRUPTCY—EQUITY JURISDICTION—BILL BY ASSIGNEE FOR ACCOUNTING—FRAUD—DISCOVERY—PARTIES.

1. A bill in equity was filed by an assignee in bankruptcy against the bankrupt and another, to set aside a conveyance of property made by the bankrupt to the other defendant, and to compel an account of the same, and payment to the plaintiff, and for a discovery. The bankrupt demurred to the bill for want of equity. *Held,* the jurisdiction to entertain such a bill is clear. Independent of the question, whether the assignee may not always, if he sees fit, seek the aid of a court of chancery, to set aside a fraudulent conveyance or illegal transfer, instead of proceeding by various actions at law, the right to call for an account is not questionable.

[Cited in Schrenkeisen v. Miller, Case No. 12,-480.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. Although the charge, in the bill, of fraud and illegality, is in the alternative, either ground is sufficient.

3. The assignee has the right, as ancillary to the principal relief, to have a discovery from the defendants; and the need of such discovery also excuses the want, in the bill, of a more precise specification of the particular fraud alleged.

4. The bankrupt is a proper party to the bill.

This was a bill in equity [by George W. Verselius, assignee in bankruptcy of William S. Verselius, against William S. Verselius and George A. Verselius] to set aside a conveyance of real estate and personal property, book accounts, choses in action, &c., and to compel an account of the same, and the proceeds thereof, and payment to the complainant, and for a discovery, &c. There was a demurrer to the bill, by the bankrupt, William S. Verselius, for want of equity.

C. W. Smith, for plaintiff.
Q. Van Voorhis, for defendants.

WOODRUFF, Circuit Judge. This demurrer is submitted to me for decision upon the brief of the counsel for the defendant only. I have considered the objections, and am of opinion:

(1.) The jurisdiction to entertain such a bill is clear. Independent of the question, whether the assignee may not always, if he sees fit, seek the aid of a court of chancery, to set aside a fraudulent conveyance or illegal transfer, instead of proceeding by various actions at law, the right to call for an account is not questionable.

(2.) Although the charge of fraud and illegality is in the alternative, either ground is sufficient. The transaction is alleged to have taken place in November, 1869. That is less than four months before the adjudication which declared the demurrant a bankrupt, namely, February 1st, 1870.

(3.) The assignee has the right, as ancillary to the principal relief, to have a discovery from the defendants, and he properly seeks it, to supply the deficiency in his own knowledge; and his ignorance of the particulars sought not only entitles him to the discovery, but excuses the want of more precise specification of the particular fraud alleged.

(4.) The bankrupt has a direct interest in the question whether the property shall be taken from the other defendant, and is, therefore, a proper party.

The demurrer is overruled, with costs, and the demurrant has leave to answer, on payment of the costs of the demurrer, and of the proceedings thereon.

---

VESSEL OWNERS' TOWING ASS'N (BOTHWELL v.). See Case No. 1,687.